UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LAURA MOLERIO KENNEDY,

       Plaintiff,

v.

NIZNIK BEHAVIORAL HEALTH RESOURCES INC.,
ZINNIA HEALTH, LLC,
HARBOR VILLAGE INC.,
SAFE LANDING INC.,
ROBERT NIZNIK,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, LAURA MOLERIO KENNEDY ("Kennedy"), brings this action against Defendants, NIZNIK BEHAVIORAL HEALTH RESOURCES INC. ("NBHR"), ZINNIA HEALTH, LLC ("Zinnia"), HARBOR VILLAGE INC. ("Harbor Village"), Safe Landing Inc. ("Safe Landing"), and Robert Niznik ("Niznik"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Kennedy was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, NBHR was a foreign profit corporation that regularly transacted business in Broward County, Florida.

4. At all times material hereto, Zinnia was a Florida corporation that regularly transacted business in Broward County, Florida.

5. At all times material hereto, Harbor Village was a Florida corporation that regularly transacted business in Broward County, Florida.

6. At all times material hereto, Safe Landing was a Florida corporation that regularly transacted business in Broward County, Florida.

7. Robert Niznik is an FLSA employer as defined in 29 U.S.C. § 203(d), was an owner and/or manager of NBHR, Harbor Village, and Safe Landing, ran the day-to-day operations and had operational control over NBHR, Harbor Village, and Safe Landing, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Kennedy.

8. NBHR's business involves operating drug and alcohol rehabilitation centers.

9. Zinnia's business involves operating drug and alcohol rehabilitation centers.

10. Harbor Village's business involves operating drug and alcohol rehabilitation centers.

11. Safe Landing's business involves operating drug and alcohol rehabilitation centers.

12. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

13. Upon information and belief, NBHR's gross sales or business done was in excess of $500,000 per year at all times material hereto.

14. NBHR was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

15. Upon information and belief, Zinnia's gross sales or business done was in excess of $500,000 per year at all times material hereto.

16. Zinnia was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

17. Upon information and belief, Harbor Village's gross sales or business done was in excess of $500,000 per year at all times material hereto.

18. Harbor Village was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

19. Upon information and belief, Safe Landing's gross sales or business done was in excess of $500,000 per year at all times material hereto.

20. Safe Landing was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

21. At all times material hereto, NBHR operated an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

22. At all times material hereto, Zinnia operated an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

23. At all times material hereto, Harbor Village operated an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

24. At all times material hereto, Safe Landing operated an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

25. NBHR, Harbor Village, and Safe Landing are a single enterprise under the FLSA, performed related activites through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

26. Zinnia Health, Harbor Village, and Safe Landing are a single enterprise under the FLSA, performed related activites through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

27. Zinnia Health, NBHR, Harbor Village, and Safe Landing were joint employers of Kennedy under the FLSA, shared Kennedy's services, had Kennedy acting in the interest of each business, and shared common control of Kennedy.

28. Kennedy worked for Defendants as an outreach coordinator.

29. Defendants failed to pay Kennedy's full and proper overtime wages.

30. Defendants knowingly and willfully refused to pay Kennedy's legally-entitled wages.

31. Attached as **Exhibit A** is a preliminary calculation of Kennedy's claims. These amounts may change as Kennedy engages in the discovery process.

32. Kennedy retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

33. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-32 above as if set forth herein in full.

34. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

35. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791